The next case will be 05-3269, Pollitt v. the Merritt Systems Protection Board. Ms. Pollitt had some prearranged travel this afternoon already, so she's out of state today and not with me. The question in this case concerns the jurisdiction of the Merritt Systems Protection Board over Ms. Pollitt's petition. Ms. Pollitt was an employee of the United States Agency for International Development, but because the question does involve jurisdiction, the MSPB has basically taken over the defense of the petition. I think that this case boils down to essentially the question of whether or not the statute that authorizes MSPB's jurisdiction encompasses the fact pattern presented in this case. And it's our position that, in fact, it does. The government has taken the position that the rule in Richardson's case, MSPB's precedent in Richardson, which says that if a petitioner before the MSPB has not presented their settlement agreement to the MSPB for inclusion in its record, if the petitioner does not perform that one act, that that precludes any review by the MSPB of the settlement agreement on a going-forward basis. It's our position that, as in many areas of the law, a rule which on its face purports to be an absolute rule upon closer inspection doesn't necessarily hold up to be an absolute proposition. You don't have any problems with the rule across the board? And that is to say that any application in a run-of-the-mind case? That's correct, Your Honor. As stated, the rule in Richardson, I think, is correct and conforms with the statutory jurisdiction of the MSPB. I'm saying that rule does not apply to Ms. Pollack's case for both factual and legal reasons. The MSPB has jurisdictions over adverse personnel actions that federal employees bring before the MSPB or some kind of adverse action taken against them by their employee and agency. Those actions are ordinarily pursued by the agency first issuing a notice. The employee has a chance to respond. The agency acts on the notice. If the employee is dissatisfied, they then petition to the MSPB for relief. In many cases, however, the employee and the agency are able to resolve the issue pending on the notice prior to a formal disposition by the agency. They resolve it in some other fashion. Sometimes employees do this with the assistance of counsel and sometimes they do it simply on their own negotiating with the agency. In this case, that's exactly what happened here. The agency never issued a formal finding on the proposed notice to remove Ms. Pollack from the service because instead USAID's counsel negotiated a settlement agreement with myself acting on behalf of Ms. Pollack that resolved all of the issues that were outstanding between Ms. Pollack and the agency. And there were several, one of which we had already appealed to the MSPB. Can I ask you about that? This is not necessarily relevant. It's just for my own background information. And that is that what in the settlement agreement, I mean the background of this is there's a Where is that in the agreement? As I said, it may not be relevant to our adjudication, but I just was interested. The settlement agreement is at page 38 of the appendix. There is no literal language. Wait, 32. 32. I beg your pardon. 32. There is no literal language that says Ms. Pollack would be permitted to retire on a retirement in lieu of removal. The reason for that is because the OPM regulations that dictate whether or not you can have that kind of a retirement require that the employee resign her position in the face of the notice to remove her. And so, and this is of course a fact question actually, but when the lawyer for USAID and I were negotiating that position in the settlement agreement, he drafted the proposed agreement and I, we had a debate, a discussion as to whether or not the language in paragraph D should be resignation or retirement. There was a specific negotiation over that point. Because of the OPM regulations, if Ms. Pollack had been removed, she would not have been eligible for the type of retirement that we were trying to accomplish through the settlement agreement because the regulations required her to resign. Right, I understand. So you put the word resignation, so is that the provision that, I mean, if in fact you had your way, your druthers, I guess, and this went to the MSPB for enforcement, what in the agreement would they be enforcing to get her her early retirement? Paragraph E? E, that she would be eligible for the benefits due commensurate with her status under the civil service retirement system. That's correct. So it's an interpretation of what commensurate with her status? Correct. Mean? And that's right. And I had negotiated with the other lawyer saying precisely we did not want to have this problem. I did not want it to be unclear. He, not being a human resources lawyer, consulted with USAID's human resources department, and the answer came back no. It has to say resignation, otherwise our human resources department cannot process it in the way that we're trying to process it so that OPM will honor the intention of our agreement. That was why we had the back and forth. That's why you've noticed in paragraph D, resignation is in quotes. So the whole issue in settling this case was that in light of a proposed removal of Ms. Pollitt from the service for misconduct, she was not eligible for the type of retirement that we were trying to effect for her. Because of the relative strength of the arguments that I had to defend against the notice, the And because she was very close to her retirement separation date that she would be eligible for retirement, they agreed. And we had a specific discussion about this. These facts are reflected in my brief. The agency's lawyer consulted with his human resources personnel to find out could we do it in that fashion. The answer came back yes, but this is what the language in the agreement has to say. So because of that, that's why the language is reflected the way it is. The difficulty came afterward when we attempted to enforce the settlement agreement when they reneged upon it. What happened was USAID declined to process the retirement as a resignation so that she would be eligible for the type of retirement that we were going for. And therefore, OPM wouldn't process the information that way. Because of the existence of the notice of removal, I assume. Well, that's a very interesting question because the agency didn't issue Ms. Pollitt her SF50 until many, many, many months afterwards. And to this day, there has been really no official processing of her removal from the service. Right. She never received any notices. But what does the SF50 say? It says that she resigned, which is what it needs to say in order for her to be eligible for the type of retirement we were working on. Right. But you have no knowledge as to where this went off the tracks, I take it. No, I don't. With respect to the early retirement benefits. No. In terms of the agencies, I do not. Right. Assume that your request for enforcement of the terms of this, including the implied term or parole term of early retirement benefits, is not something that the Board can do. You make in your brief, in the conclusion of your brief, an alternative suggestion that she should be deemed to have been involuntarily terminated. Correct. The consequences of succeeding on that would be, I take it, that not to enforce the agreement but rather to put her back in the position that there's a pending. Be back in the starting blocks again. Right. Correct. With this notice pending. Now, that was not a remedy that was ever requested, as far as I can see, in her appeal notice or in any point along the line. Is that a remedy that you now think is appropriate given her appeal and the procedures, in this case, up to now? I think if that's the only remedy that I could get, that's the remedy I would take. But I think in terms of whether or not we would be able to then renegotiate an adequate resolution with the agency, I don't know. Right. It would depend on the approach they would then choose to take. What is pending, if we were to go back to that point, what is pending is my response to their notice of proposal to remove her. And we would then be waiting to see what the independent agency decision maker, what his decision would be on that notice. And she was on leave without pay, I mean, at the time. There was a dispute about whether she should have been paid or not paid, but yes, she was on leave at the time. Well, let me just answer your answer, if I understood it correctly, as if that's the only thing I can get, that's what I'll take. I'm not sure that was the way I understood Judge Bryson's question, which I think was a little broader and not whether you want it at this juncture, but whether you've asked for it at an earlier juncture and therefore preserved or set the proper predicate for you're just coming here in your conclusion and saying, alternatively, give me this. So where is it that you think in the record that you have preserved the ability to ask for that type of remedy or that type of analysis and remedy? I think if the settlement agreement were not enforceable, then the agency is left with a pending notice to remove her that is not acted upon. If the settlement is broken, then it's broken as to both parties. And the agency is then in the position of not having ever issued any final notice, because effectively, the settlement agreement constitutes their final decision on the pending notice to remove her. But that sort of puts the cart before the horse. That's an assumption that the settlement agreement has been breached, which can only be a determination made by some tribunal that would be in a position to hear that. And right now, the problem is that this particular tribunal has said they are not in a position to hear that. I mean, you do say, I don't know if you were the counsel at that time, but you do say in the appeal papers, I think it's on page 27 of the appendix, the bottom paragraphs that you do make reference to the involuntariness of the resignation. And you do say appeals for improper removal. And that certainly suggests that alternative remedy. But what I discovered, and it gave me pause about that, was that in the response to the notice to show cause, the order to show cause, there's no reference to the issue of improper removal or involuntariness as far as I could tell. And likewise, in the petition for review. So it looked to me as if that alternative remedy had fallen out of the case. I would have to go back and actually look more closely at my papers. It was not our intention to waive that request. Right. It was our intention to preserve all of the arguments we had made initially on appeal to the MSPP board. But even in the appeal notice, where you did make a reference to the involuntariness, you did limit the request for relief to enforcement of the settlement agreement. So that being, as I understand it, not a form of relief to which you'd be entitled upon a finding of involuntariness, I wonder where you find the involuntariness fitting into this case at this juncture. Obviously, if it had never been raised before, you couldn't come here and say, oh, by the way, I'd like another remedy if you're so inclined. I think the way the involuntariness came in was as another way in which Richardson is not applicable. I mean, there are weight, for example, the MSPB's precedent in weight, stakes out clearly the position that if the petitioner is claiming that her resignation was involuntary or that the settlement agreement that precedes affects the question of whether or not her resignation was involuntary, that the MSPB has jurisdiction to adjudicate that claim. But if we reject that claim, i.e., we say that the Richardson rule is broader than you are arguing that it should be read as being, then does the voluntariness aspect of your argument go away? I would say that in that sense, if, well, I guess I'm not understanding your question. Yeah, it wasn't a very clearly put. Let me try again. If Richardson doesn't apply. Right. If Richardson doesn't apply, then I'm out of court. Well, that's OK. I mean, what I'm trying to see is there's a theory that you could advance, I suppose, and say Richardson or not, in this case, they had the intention of tricking me into resigning because they tried to cook up this settlement agreement. They promised me, in effect, that I'd get retirement benefits, knowing all along that I wasn't going to get them. And so that, as an alternative remedy, I want that relief from the board of putting me back in my job. Correct. That's why I was citing Wade to the board for that proposition, that even if Richardson did apply, that MSPB has previously taken the position that if the person's separation, if you will, was involuntary, or they're alleging or asserting that it was, that the MSPB would reach to that question. But the involuntariness would require more than simply a breach of the agreement, right? Correct. Yes. A prior intent to misrepresent the- To fool her. To fool her into- Correct. An intent never to comply with the terms of the agreement. Right. Right. And in your response, and where it should have been alleged, should it not, would have been in your response to a notice to show cause, where the board, you know, whether the board has jurisdiction. I mean, that was the time to come forward with the involuntariness theory, but also to the allegation to trickery or whatever the allegation would predicate it on, right? Okay. I . . . In my response to the order to show cause, I asked that the board confirm its jurisdiction and direct the agency to proceed in the ordinary course. That's the relief that I asked for, relying on the precedence that I cited. Right. And so, citing Briscoe, for example, versus Virginia, saying whether the validity of the agreement may be challenged because it's being brought before the board to give legal effects, in the cases also in Short and Sullivan. So, I don't see that my request for relief, the wherefore clause of my response to the show cause order cut off in any way the arguments that I had previously . . . that I had made in her original appeal, in which I clearly raised the involuntariness issue. It's in the last page of my supplement, as you indicated. So, I mean, the response to the show cause order is not a request for relief per se. It's a response to . . . Why don't we use the rebuttal time? We'll restore it, and we'll hear from Ms. Reardon now. Good afternoon. May it please the court, the Merit Systems Protection Board does not have jurisdiction to enforce the settlement agreement as the petitioner claims, because that agreement was never entered into the record per Richeson. There are some exceptions. There is one exception, however, and the exception is where the person comes back to say that the settlement agreement, there was fraud, misrepresentation, so that the person did not voluntarily enter into the settlement agreement, or saying that the resignation was not voluntary due to duress or something. That was not alleged in any of the papers that the petitioner filed. To the extent that any reasonable administrative judge would have seen that as a non-frivolous allegation, that the settlement agreement was produced through fraud and misrepresentation. So, there was no obligation on the part of the administrative judge to hold a jurisdictional hearing, for an example, to make a determination as to whether or not there was fraud and misrepresentation. Why is that . . . Go ahead. You understood her allegation. Everyone understood her allegation. She thought she had a settlement agreement that in exchange for her voluntary resignation, she was going to get this retirement thing, and that was the agency field being used to effectuate it. Doesn't that inherently mean that when she submitted, that she's saying that when she submitted her resignation, she was tricked? No, I don't think so, Your Honor. I think what petitioner fails to realize is that she entered into a global settlement agreement. The settlement agreement on its face says, this document comprises the entire agreement between the parties in this matter, and no additional provision or provision shall be inferred. Now, Mrs. Pollack was represented by counsel, and any type of inference that needed to be drawn from the settlement agreement should have been put in the settlement agreement itself. For an example, if Mrs. Pollack wanted the resignation to be processed as a discontinued service retirement, that could have been put in the agreement. But you're arguing the merits now. I'm sorry? We're into the merits now, if you're arguing whether or not there's sufficient evidence to establish what the terms of the settlement were. But what I'm saying is what she filed was, in effect, a petition for enforcement. And her petition for enforcement, her settlement agreement, had not been entered into the record. So if a settlement agreement is not entered into the record, the board has no jurisdiction to enforce it, except this narrow exception where the person is alleged in some type of fraud and misrepresentation. And that was not alleged in any of the papers that Mrs. Pollack filed. And you have to do more than just make a bare allegation. You have to submit something to substantiate. And I'm not saying you have to prove your case on the merits, but you have to submit something to give the trial fact, and in this case it was the administrative judge, something to believe that the administrative judge need to move forward then and hold a hearing to determine whether or not they have jurisdiction, despite the fact that this settlement agreement was never entered into the record. Now, there was, as I think you discussed with your opposing counsel, the statement on page 27 of the appendix, which is at the very end of her supplement to her appeal, in which reference is made to the voluntariness issue, and a claim of involuntary resignation is made. I'm sorry. Page 27. It's numbered bottom right. Right. That's it. You've got to do more than say that. You just can't make a bare statement like that. You have to move forward to say something in addition. Otherwise, that is just a bare statement. My resignation wasn't voluntary. You need to go forward to say something as to why you believe it was not voluntary. All I'm saying is that that was not done in this situation. And because it was not done in this situation, the administrative judge had no choice but to conclude that she didn't make a non-frivolous allegation for which the administrative judge could move forward and hear this case to make a determination as to whether or not he had jurisdiction on her particular appeal. So she would have had to make representations such as, for example, that this was they intended to trick me into? Something. Yeah. And I'm probably speaking out of turn, but even if Ms. Pollack had said something that her counsel said here, I don't know. It may have been enough. Mrs. Pollack was represented by counsel. So she was not just a pro se appellant trying to get through this settlement agreement by herself. She was represented by counsel. And some language could have been put in there so that when she reached the point where her allegations were that the agency was not keeping its part of the settlement agreement, she would have had a more firm foundation to stand on at that particular point. And I'm saying because she didn't, then the court has no jurisdiction to review this because she doesn't meet the basic, according to Richardson, and she doesn't fall within the exception because she made no more than a bare allegation with nothing to support that allegation. So she didn't make a non-frivolous allegation that there was something wrong with the particular settlement agreement or with the resignation. Now, help me out with a matter of timing because the administrative judge says in footnote three right at the end of his opinion that if she wants to make the involuntariness argument, she can file another appeal from the involuntariness, the constructive removal as a basis for that claim. But she would, I take it, as I understand the way the timeliness requirements apply, she would be confronted, would she not, with a timeliness objection? Yes, sir. When does the time start to run for an involuntariness claim? What would be the? I believe, Your Honor, it probably starts to run, and I'm hesitant, from the time she knew or should have known, I believe, that whatever she claims to be involuntary had taken place. Yeah. And so I would think that at some point, and I don't know when that point is, the trial fact would have to look at all of the evidence, then the totality of the circumstances. Right. At some point, even a separate action would be considered untimely. Well, wouldn't it run from the time that the AJ said she has another one, or she might have another one? Your Honor, I really do not know, because I don't know at what point the AJ may have said that. I mean, assuming for a moment that sometimes prior to when the AJ said that, she knew or should have known, then it may be, the board may determine that her time started to run from two months prior to then. I don't know. I can only say that a trial fact would need to make that determination as to when her time started to run. I can only say that at some point, I believe, that she would run into a timeliness problem and may be considered untimely, particularly if the facts are such that it can be determined that she knew or should have known at a particular, at a specific time. We believe that the board was correct. She relies on Sullivan, and she relies on three basic cases, Sullivan, Short, and also Briscoe. None of these cases support our argument, because in all of the cases that we could find, in order for her to come within the board's jurisdiction, as I said earlier, she would need to have raised something more than just a bare allegation that she considered it, that her resonation being involuntary. She never said that her resonation was coerced or anything that would allow the administrative judge to make a determination or to even give the administrative judge a cause to proceed with a hearing to determine jurisdiction. And we believe that the board was correct when it dismissed a case for lack of jurisdiction, and we believe the board's decision should be upheld. And unless the court has some questions for me, that's all I have. Thank you very much. Ms. McAdoo, we've given you some extra time, but you don't need to repeat anything you said before. I'll just respond here. I would say that, I mean, I disagree with the characterization of our petition. We were not petitioning for enforcement of the settlement agreement. My petition, original appeal to the MSPB, says clearly that we are appealing her improper removal from the service by USAID. Our position is and always has been that the settlement agreement essentially, this is on page 27, that the settlement agreement was the finalization of the notice to remove her. And when the agency reneged on that decision, that that then became the improper personnel action. So, for example, if the agency had said, we're going to, we propose to remove you for one week, and then Ms. Pollitt had consented to that. And at the end of the one week removal period, the agency said, well, we've changed our mind. Now we're going to remove you for two weeks. So you're not employed for another week. At that point, their action is different from what they had either decided or the parties had agreed to on the original notice. Because of that, the agency's change, what they changed, becomes the adverse personnel action, which is what I was clearly trying to say on page five of my continuation. But if there's an improper, just a minute, I'm not understanding clearly. If there's an improper removal, the remedy for an improper removal is reinstatement, correct? Correct. It wouldn't be retirement under a special program. It would be reinstatement. My argument is that they removed her. They fired her instead of permitting her to resign, which is what we had agreed to. But reinstatement was not the relief you sought in the appeal. You sought requesting her separation be processed as a discontinued service retirement, as the parties agreed in the settlement agreement. And so the relief and the claim don't line up at minimum, which is what leads one to Is this really the claim? Or is the claim really for enforcement of the terms of the settlement agreement incorporating the understanding that there would be a retirement? But there needs to be a finding that the removal was improper in order to say that the settlement agreement was breached, was the point that I was trying to make. If the agency doesn't agree that it breached the agreement, they don't agree that they did anything improper, removed her or breached the agreement or anything else. But the breach of the agreement wouldn't be functionally equivalent to an involuntary termination or involuntary resignation. But that was my argument. That was my argument. It's on page 27, the paragraph we keep referring to. And I must disagree with my colleague saying that we didn't say enough. How were they supposed to know that we were alleging fraud? I mean, I don't know how I could have said any clearer. She agreed to retire instead of being forcibly removed and only consented to the resignation because the parties understood that this was the designation required to affect the retirement. Her resignation was not voluntary. Far from it. I would also point out that the MSPB has a form that people use to state what their claims are, which gives you a little paragraph to say what your claim is. I mean, I submitted five additional continuation pages laying out the facts and the arguments for the MSPB so they could see generally what our argument is. I'm not required, I don't believe, to articulate all of my case on my appeal. If there's a basis there, an allegation for jurisdiction, and the administrative judge wants to hold a hearing to flesh that out and determine whether or not he has jurisdiction, that makes sense. But what we've basically alleged here is enough to put them on notice. Thank you very much. Thank you. Case is submitted.